IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD I. DUGAN,[1] | § | |
| | § | No. 124, 2018 |
| Respondent Below- | § | |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| YOLANDA LUCILLE SAGET, | § | File No. CN16-02507 |
| | § | Petition No. 16-10649 |
| Petitioner Below- | § | |
| Appellee. | § | |

Submitted: September 7, 2018
Decided:   November 7, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Edward Dugan ("Father"), filed this appeal from the Family Court's order dated February 9, 2018, awarding the parties' joint custody of their two children but giving primary residential custody to Yolanda Lucille Saget ("Mother") and granting Mother's petition to relocate with the children to Canada, where Father and Mother both have citizenship. We find no merit to the appeal.  Accordingly, we affirm.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) Mother is a citizen of Taiwan and Canada. Father is a citizen of Turkey and Canada. They were married in 2013 in Canada and moved to the United States in 2014 as a result of Father's job. Father obtained legal resident status under a work visa. Mother's legal resident status was obtained under a dependent visa. The parties have a daughter, born May 1, 2014, and a son, born September 16, 2015. They separated in April 2016. In the same month, Mother filed for a protection from abuse ("PFA") order, which resulted in the entry of a PFA order by consent. The parties were divorced in November 2016. As a result of their divorce, Mother was required to seek legal residency in the United States under a different visa.

(3) In December 2016, the Family Court held a hearing on Mother's petition for custody of the children and her request to relocate. At the time of the hearing, Mother had a pending application for a tourist visa. If granted, the tourist visa would allow Mother to stay in the United States for another six months, but it would not permit her to get a job. As a result of the testimony and evidence presented at the hearing, the Family Court, in an interim order dated February 20, 2017, awarded the parties joint custody of their children, with primary residential custody to Mother. The Family Court denied Mother's petition to relocate without prejudice and indicated its intent to hold a review hearing within six months. The Family Court held that if

2

Mother's visa application was denied or she was otherwise in danger of deportation, she could file a motion with the Family Court before the review hearing.

(4) The Family Court held the review hearing over two days on October 4, 2017 and November 20, 2017. Mother and Father appeared and were represented by counsel at both days of the hearing. The Family Court heard testimony from both parties and multiple other witnesses, including Dr. Samuel Romirowsky, who testified regarding a custody evaluation that he had conducted. Among other things, Dr. Romirowsky opined that Father had established a bond with the children that would not be broken if Mother were permitted to move and Father could not maintain regular weekly visitation with them.

(5) On February 9, 2018, the Family Court issued a 29-page letter opinion detailing the evidence and testimony and its factual findings relevant to the best interest factors that the court was required to consider under 13 *Del. C.* § 722,[2] as well as the factors it was permitted to consider under the

---

[2] The best interest factors include: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the

Model Relocation Act.[3] The Family Court concluded that it was in the children's best interests for Mother and Father to have joint custody, with Mother having primary residential placement. The court further concluded that it was in the children's best interests that Mother be permitted to relocate with them back to Canada. Until their daughter reached school age, the Family Court awarded Father visitation with the children on an eight-week off/two-week on schedule, with additional visitation permitted during the eight-week off period if Father traveled to Canada (where he owns a condominium) to visit them. The Family Court's order, among other things, also laid out a visitation schedule if Father chose to relocate back to Canada.

(6) Father argues on appeal that the Family Court proceedings violated his right to substantive due process, the Family Court failed to give

---

child under 13 Del. C. § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household. 13 *Del. C.* §722.

[3] *Potter v. Branson*, 2005 WL 1403823, at *2 (Del. June 13, 2005) (holding the Family Court has discretion to consider additional factors like the Model Relocation Act factors as long as it considers the mandated Section 722 factors). The Model Relocation Act factors include: (i) the nature, quality, extent of involvement and duration of relationship of the child with each parent; (ii) the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development; (iii) the feasibility of preserving the child's relationship with the non-custodial parent; (iv) the child's preference, considering age and maturity level; (v) whether there is an established pattern of the person seeking relocation either to promote or thwart the child's relation with the other parent; (vi) whether the relocation of the child will enhance the general quality of life for both the party seeking the relocation and the child, including but not limited to financial, emotional, or educational opportunity (including cultural opportunities and access to extended family); (vii) the reasons for seeking relocation; and (vii) any other factor affecting the interest of the child.

"special weight" to Father's wishes regarding custody, the Family Court gave preference to Mother's testimony "without a clear thought process," and the Family Court's decision reflects that a double standard was applied to Father and was the result of judicial misconduct.

(7)    Our review of a Family Court order extends to the facts and the law as well as to the inferences and deductions made by the trial judge.[4] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[5] Although we have a duty to review the sufficiency of the evidence and to test the propriety of the trial court's factual findings, we will not overturn those findings unless they are unsupported by the record or are clearly wrong.[6] When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[7]

(8)    After careful consideration of the parties' respective positions on appeal and after a thorough review of the record, the Court has determined that this appeal should be affirmed on the basis of the Family Court's well-

---

[4] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[5] *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991).
[6] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.
[7] *Id.*

reasoned decision dated February 9, 2018. The record does not support Father's contentions that he was denied due process or that the Family Court's decision was the result of bias or misconduct.  It is clear that the trial judge considered all of the evidence under the appropriate legal standards and that its findings of fact are supported by the record.  The Family Court did not err or abuse its discretion in determining that shared custody was in the best interests of the children, with Mother having primary residential placement, and in granting Mother's request to relocate with the children to Canada.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice